UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| QUALITY DIALYSIS ONE LP, *et al*, | } |
| | } |
| Plaintiffs, | } |
| VS. | } CIVIL ACTION NO. H-08-1121 |
| | } |
| AETNA LIFE INSURANCE COMPANY, *et al*, | } |
| | } |
| Defendants. | } |

**OPINION AND ORDER**

Before the Court is Plaintiffs' motion for remand. (Doc. 5.) Upon review and consideration of this motion, the response, reply, and surreply thereto, and the relevant legal authority, and for the reasons explained below, the Court finds that this motion should be denied.

I. Background

Plaintiffs Quality Dialysis One LP, Quality Dialysis Two LP, MCS Pharmacy LP, and Claybar Enterprises LP (collectively, "Quality Dialysis") first filed a complaint in the 268th District Court of Fort Bend County, Texas, on November 2, 2007, alleging violations of Texas state law and common law tort causes of action against Defendants Aetna Life Insurance Company and Aetna Health, Inc. (collectively, "Aetna"). (Doc. 1 Exh. 5 at 1-16.) Defendants subsequently removed the case to this Court on April 11, 2008, on the basis of federal question jurisdiction and Plaintiffs moved to remand on July 1, 2008. The questions now before the Court are whether federal question jurisdiction exists and, if so, whether removal was timely.

Quality Dialysis is a home hemodialysis provider that serviced patients covered by health insurance and employee welfare benefit plans that Aetna administered. Beginning in September

2006, Plaintiffs allege that Aetna began to systematically deny Quality Dialysis' claims for payment and demanded a refund for claims already paid in excess of one million dollars. Quality Dialysis further contends that Aetna attempted to persuade patients using Quality Dialysis' services to switch to a competitor's home hemodialysis service. Finally, Quality Dialysis alleges that the unpaid insurance claims and Aetna's request for a refund on past claims caused it to lose an opportunity to sell its business to an unnamed prospective purchaser.

II. Federal Question Jurisdiction

In its motion for remand, Quality Dialysis argues that because it brought only state law and common law tort claims, these actions are not preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001-1461, and therefore the case should be remanded to state court. Further, Quality Dialysis contends that it is not an ERISA plan "participant, beneficiary, or fiduciary" as required by 29 U.S.C. § 1132(a). Aetna asserts that Quality Dialysis' claims do arise under federal law and are therefore properly removable.

Whether a claim arises under federal law is generally determined by the "well-pleaded complaint" rule. PCI Transp., Inc. v. Fort Worth & W. R.R. Co., 418 F.3d 535, 543 (5th Cir. 2005). Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). However, the Supreme Court has created an exception to the well-pleaded complaint rule when federal law fully displaces a state law cause of action through the doctrine of complete preemption. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003). ERISA provides one such area of complete preemption. See id.

"The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans." Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004).  To that end, § 514(a) of ERISA, 29 U.S.C. § 1144(a), states that ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ."  Furthermore, § 502(a) of ERISA, 29 U.S.C. § 1132(a), sets forth the exclusive grounds for relief under ERISA.  Under the Davila analysis, if (1) "an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)," and (2) "there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)."  Davila, 542 U.S. at 210.

Quality Dialysis impliedly concedes that it could have brought its claim under ERISA, thus satisfying the first prong of Davila.  However, it argues that its claims fail the second prong of the Davila test and cites for support Memorial Hermann Hosp. Sys. v. Renaissance Healthcare Sys., Inc., No. 4:07-cv-1432 (S.D. Tx. Sept. 21, 2007).  In that case, the court found that the plaintiff failed to meet the first prong of the Davila test and, in dicta, went on to note that it likely failed the second prong of Davila as well because the plaintiff's state law claims were based on "duties allegedly flowing from the managed care contract, and it base[d] the tort claim duties allegedly flowing from the direct communications and business relationship between the parties."  Memorial at 4.  The instant case is distinguishable, however, as Quality Dialysis does not have a managed care agreement with Aetna and therefore cannot bring a breach of contract action that might give rise to a legal duty independent of ERISA.

Under ERISA's civil enforcement provision, a civil action may only be brought by a plan participant, beneficiary, fiduciary, or by the Secretary of Labor.  29 U.S.C. § 1132(a).  Accordingly, the Supreme Court has held that a federal court has no jurisdiction to hear a civil

action under ERISA that is brought by a person who is not a "participant, beneficiary, or fiduciary." Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27 (1983). Included with Quality Dialysis' original complaint are exhibits of several "irrevocable assignments" signed by patients assigning their rights and benefits under all insurance policies and employee benefit plans to Quality Dialysis and appointing Quality Dialysis as their "attorney in fact." (Doc. 5 Exh. C.) It is therefore clear that Quality Dialysis stands in the shoes of a plan participant or beneficiary within the meaning of 29 U.S.C. § 1132(a).

Finally, Quality Dialysis alleges the common law torts of negligence, negligent misrepresentation, and interference with existing contracts and business relations. Quality Dialysis argues that it is a third-party health care provider and therefore that Memorial Hosp. Sys. v. Northbrook, 904 F.2d 236 (5th Cir. 1990) controls. In that case, the Fifth Circuit held that a claim of deceptive practice under Texas Insurance Code for misrepresentation of the coverage status of an employee's spouse was not preempted by ERISA, where the hospital providing treatment was a third-party health care provider. While "ERISA does not preempt state law when the state-law claim is brought by an independent, third-party health care provider . . . against an insurer for its negligent misrepresentation regarding the existence of health care coverage[,] . . . state-law claims for breach of fiduciary duty, negligence, equitable estoppel, breach of contract, and fraud are preempted by ERISA when the [health care provider] seeks to recover benefits owed under the plan to a plan participant who has assigned her right to benefits to the [health care provider]." Transitional Hosps. Corp. v. Blue Cross & Blue Shield of Tex., Inc., 164 F.3d 952, 954 (5th Cir. 1999) (internal citations omitted). Here, Quality Dialysis is a health care provider holding an assignment of ERISA plan benefits.

In <u>Davila</u>, the Supreme Court confronted state claims against HMOs for negligence "in the handling of coverage decisions" under their benefit plans. 542 U.S. at 204. The Court held that such claims were completely preempted by ERISA despite any violation of state law because "interpretation of the terms of [plaintiffs'] benefit plans form[ed] an essential part of their [state law] claim." <u>Id.</u> at 213. Quality Dialysis, as an assignee of patients' plan benefits, could have brought suit under ERISA § 502(a). Because Plaintiffs' state law causes of action and common law torts arising from unpaid and underpaid insurance claims in plans administered by Aetna are preempted by ERISA, the Court finds federal question jurisdiction present as to these claims.

III. <u>Timeliness</u>

Plaintiffs contend that Aetna's notice of removal on April 11, 2008 was untimely, coming more than five months after Quality Dialysis filed its complaint on November 2, 2007. In response, Aetna argues that it only learned the case was removable on March 13, 2008, when Plaintiffs filed a supplemental response in state court including documents detailing the assignment of medical benefits under an ERISA plan, and that therefore its notice of removal on April 11, 2008, was timely, coming within thirty days of Quality Dialysis' filing as required by 28 U.S.C. § 1446(b). Finally, Defendants contend that, in any event, Quality Dialysis waived its right to object to removal on procedural grounds because under 28 U.S.C. § 1447(c), a motion to remand on the basis of procedural defect must be made within thirty days of removal. Because Plaintiffs did not move for remand until July 1, 2008, more than eighty days after receiving Defendants' notice of removal, the Court declines to remand on procedural grounds.

IV. Conclusion

For the reasons set forth above, the Court hereby ORDERS that Plaintiffs' motion to remand is DENIED. The Court further ORDERS that Plaintiffs are granted leave to amend their complaint to plead a cause of action under ERISA. Plaintiffs shall file their amended pleading within TWENTY (20) DAYS of the issuance of this Opinion and Order.

SIGNED at Houston, Texas, this 29th day of September, 2009.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE