UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| QUALITY DIALYSIS ONE LP, *et al*, § § Plaintiffs, § VS. § AETNA LIFE INSURANCE COMPANY, *et al*, § § Defendants. § | CIVIL ACTION NO. H-08-1121 |

QUALITY DIALYSIS ONE LP, *et al*,

  Plaintiffs,

VS.           CIVIL ACTION NO. H-08-1121

AETNA LIFE INSURANCE COMPANY, *et al*,

  Defendants.

## **OPINION & ORDER**

Before the Court is Plaintiffs' motion for reconsideration (Doc. 39) of Plaintiffs' prior motion for remand (Doc. 5), Defendants' response and brief in opposition (Doc. 43), and Plaintiffs' reply supporting their motion for reconsideration (Doc. 45). The Court previously denied Plaintiffs' motion to remand the case to state court. (Doc. 38). Upon review and consideration of this motion, the relevant legal authorities, and for the reasons explained below, the Court finds that this renewed motion should be denied.

I. Background

Plaintiffs Quality Dialysis One LP, Quality Dialysis Two LP, MCS Pharmacy LP, and Claybar Enterprises LP (collectively, "Quality Dialysis") first filed a complaint in the 268th District Court of Fort Bend County, Texas, on November 2, 2007, alleging violations of Texas state law and common law tort causes of action against Defendants Aetna Life Insurance Company and Aetna Health, Inc. (collectively, "Aetna"). (Doc. 1, Exh. 5 at 1–16.) Defendants subsequently removed the case to this Court on April 11, 2008, on the basis of federal question jurisdiction and Plaintiffs moved to remand on July 1, 2008. (Docs. 5 and 25.) By its order of September 29, 2009, the Court found federal question jurisdiction present as to Plaintiffs' claims

and consequently denied the motion to remand. (Doc. 38.) Plaintiffs now seek reconsideration of this order. (Doc. 39.)

Quality Dialysis is a home hemodialysis provider that serviced patients covered by health insurance and employee welfare benefit plans that Aetna administered. Beginning in September 2006, Plaintiffs allege that Aetna began to systematically deny Quality Dialysis' claims for payment and demanded a refund for claims already paid in excess of one million dollars. Quality Dialysis further contends that Aetna attempted to persuade patients using Quality Dialysis' services to switch to a competitor's home hemodialysis service. Finally, Quality Dialysis alleges that the unpaid insurance claims and Aetna's request for a refund on past claims caused it to lose an opportunity to sell its business to an unnamed prospective purchaser.

II. Procedural Posture and the Relevant Standard of Review

Although Plaintiffs fails to expressly invoke the provision governing motions for reconsideration, such motions are generally considered cognizable under either Federal Rule of Civil Procedure 59(e), as motions "to alter or amend judgment," or under Rule 60(b), as motions for "relief from judgment." *Lavespere v. Niagara Mach. & Tool Works*, 910 F.2d 167, 173 (5th Cir. 1990). "Under which Rule the motion falls turns on the time at which the motion is served. If the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Id.* (citing *Harcon Barge Co. v. D & G Boat Rentals*, 784 F.2d 665, 667 (5th Cir.1986) (*en banc*)). Because Plaintiffs brought their motion for reconsideration more than ten days from entry of judgment, reconsideration can only be given within the stricter limitations of Rule 60(b).[1] To do otherwise would be an abuse of discretion. *Id.*

---

[1] Had Plaintiffs brought their motion within ten days of entry of judgment, review would be subject to the more lenient Rule 59(e) standard, whereby Plaintiffs need only demonstrate a "manifest error of law" to obtain reconsideration. *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted).

Under Rule 60(b), in order to prevail, Quality Dialysis must demonstrate it is entitled to relief from the judgment denying remand due to: "(1) mistake, inadvertence, surprise, or excusasble neglect; (2) newly discovered evidence . . .; (3) fraud . . .; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged . . .; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The district court enjoys considerable discretion when determining whether the movant has satisfied these standards. *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991). Plaintiffs neglect to argue any specific grounds for relief from the judgment and proceed to present new arguments for granting remand as though the issue had not already been briefed. Thus, presumably, the Court retains discretion only to grant relief from judgment under Rule 60(b)(6), for "any other reason that justifies relief." However, this is a high bar, as Rule 60(b)(6) relief is granted only in "extraordinary circumstances." *Ackermann v. United States*, 340 U.S. 193, 199 (1950).

III. Analysis

In its motion for reconsideration, Quality Dialysis argues that the Court failed to "distinguish the true nature of the separate, independent tort causes of action raised by Plaintiffs[,] which only arise out of the independent business relationship between an insurer (Aetna) and medical provider (Quality Dialysis)." (Doc. 39 at 1.) Quality Dialysis concedes that it "does not bring a breach of contract action arising out of a managed care agreement . . . ." (*Id.* at 2.) This is important because there was no managed care contract between the Plaintiffs and Defendants in this case. Instead, Quality Dialysis brings "tort claims flowing from the direct communications and business relationship between the parties." (*Id.*) The Court, however, determined that it is precisely these tort claims that are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001-1461. (Doc. 38 at 2–

5.)

Plaintiffs further express concern that the Court's ruling "would shield every insurance company from its independent torts committed against medical providers, no matter how egregious, if the medical provider obtains an assignment of benefits from the patient." (Doc. 39 at 2.) The Court did not suggest that *all* tort claims are completely preempted by ERISA wherever there is an assignment of patient benefits, only that Plaintiffs' claims in this case were so preempted under controlling Fifth Circuit law. *See* Transitional Hosps. Corp. v. Blue Cross & Blue Shield of Tex., Inc., 164 F.3d 952, 954 (5th Cir. 1999).

IV.  Conclusion

Accordingly, because Plaintiffs have not met the requirement for reconsideration set forth by Fed R. Civ. P. 60(b), the Court hereby ORDERS that Plaintiffs' motion for reconsideration (Doc. 39) is DENIED.

SIGNED at Houston, Texas, this 10th day of December, 2009.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE