UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| QUALITY DIALYSIS ONE LP, *et al*, § § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. H-08-1121 |
| § | |
| AETNA LIFE INSURANCE COMPANY, *et al*, § § § | |
| Defendants. § | |

## OPINION AND ORDER

Pending before the Court is Defendants Aetna Life Insurance Company and Aetna Health, Inc.'s (collectively, "Aetna") Motion for Summary Judgment (Doc. 27), as well as Plaintiffs Quality Dialysis One LP, Quality Dialysis Two LP, MCS Pharmacy LP, and Claybar Enterprises LP's (collectively, "Quality Dialysis") response (Doc. 33), Aetna's reply (Doc. 48), and Quality Dialysis' surreply (Doc. 50).

The facts of this case were set forth in the Court's Opinion and Order dated September 29, 2009, and the following summary is drawn from that order. (Doc. 38.) Quality Dialysis is a home hemodialysis provider that serviced patients covered by health insurance and employee welfare benefit plans that Aetna administered. Beginning in September 2006, Plaintiffs allege that Aetna began systematically to deny Quality Dialysis' claims for payment and demanded a refund for claims already paid in excess of one million dollars. Quality Dialysis further contends that Aetna attempted to persuade patients using Quality Dialysis' services to switch to a competitor's home hemodialysis service. Finally, Quality Dialysis alleges that the unpaid insurance claims and Aetna's request for a refund on past claims caused it to lose an opportunity to sell its business to an unnamed prospective purchaser.

Quality Dialysis filed suit in the 268th Judicial District Court of Fort Bend County, Texas, on November 2, 2007, alleging violations of Texas state law and common law tort causes of action against Aetna. (Doc. 1-5 at 2–16.) On April 11, 2008, Defendants removed the case to this Court on the basis of federal question jurisdiction. (Doc. 1.) On July 1, 2008, Plaintiffs moved to remand. (Doc. 5.) The Court denied Plaintiffs' motion to remand the case but permitted Quality Dialysis to amend its complaint to plead a cause of action under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq.* (Doc. 38 at 6.) Quality Dialysis declined to amend its complaint and continues to argue that its state law claims are not preempted by ERISA. (Docs. 47, 50.)

"The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans." Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004). To that end, § 514(a) of ERISA, 29 U.S.C. § 1144(a), states that ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." Furthermore, § 502(a) of ERISA, 29 U.S.C. § 1132(a), sets forth the exclusive grounds for relief under ERISA. Under the Davila analysis, if (1) "an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)," and (2) "there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." Davila, 542 U.S. at 210. Because the Court found all of Quality Dialysis' state law claims preempted by ERISA and Quality Dialysis refused to replead its claims under ERISA, Plaintiffs' claims must now be dismissed as a matter of law.

Accordingly, the Court hereby ORDERS that Defendants Aetna Life Insurance Company and Aetna Health, Inc.'s Motion for Summary Judgment (Doc. 27) for failure to state a claim is GRANTED.

SIGNED at Houston, Texas, this 13th day of July, 2010.

                                              MELINDA HARMON
                                 UNITED STATES DISTRICT JUDGE